IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND<br><br>　　　　　　Plaintiff<br>v.<br><br>J.L.PIERCE PAINTING, INC.<br>　d/b/a Pierce Painting<br><br>　　　　　　Defendant | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 06-368 (ESH)<br>)<br>)<br>)<br>) |

### DECLARATION OF THOMAS C. MONTEMORE

Thomas C. Montemore states under penalty of perjury that the following is true and correct:

1. I am the Assistant to the Fund Administrator of the International Painters and Allied Trades Union and Industry Pension Fund ("Pension Fund" or "Fund"). I have held that position since November 1, 2000. I served as Delinquency Controller from 1988 through October 31, 2000 and as the Delinquency Coordinator from 1986 to 1988, and before that, acted as Agreement Clerk from 1982 to 1986, and File Clerk beginning in 1979.

2. The Pension Fund is an "employee benefit pension plan" as defined in § 3(2)(A)(I) of ERISA, as amended, 29 U.S.C. § 1002(2)(A)(I), established by the International Union of Painters and Allied Trades, AFL-CIO-CFL (" the International"), and employers in private industry whose employees are members of or otherwise represented by the International and its district councils and local unions, for the purpose of providing retirement income to the employees. The Pension Fund is administered in the District of Columbia from its principal place of business at 1750 New York Avenue, N.W., Washington, D.C. 20006.

167014-1                                       1

3. A complete and accurate copy of the Agreement and Declaration of Trust of the Pension Fund is attached to the Complaint as Exhibit 1 and is incorporated herein by reference.

4. Defendant, J.L.Pierce Painting, Inc. d/b/a Pierce Painting ("Company"), is a Maryland corporation, based in and conducting business in Prince Frederick, Maryland. Company entered into a collective bargaining agreement with District Council 51. District Council 51 is a labor organization representing individuals employed in the painting and allied trades industry. The collective bargaining agreement requires Company to submit monthly contributions to the Pension Fund on behalf of all employees in the bargaining unit. Contributions must be made for each hour for which employees receive pay at the contribution rate specified in the agreement. Failure to make the required contributions, or to submit either incorrect or late remittance reports and contributions, results in a delinquency to the Pension Fund.

5. In addition to monthly contributions, the Pension Fund also requires Defendant to submit monthly remittance reports, on which Defendant is to list the Company's employees and the hours for which the employees received pay that month.

6. Based upon remittance reports prepared by the Defendant and submitted to the Pension Fund and other records covering the period February 2005 through February 2006, Defendant owes contributions in at least the amount of $11,101.55.

7. A precise determination of the amounts owed by Defendant cannot be made without an audit of Defendant's payroll and related records for the period March 2003 through the present.

8. Defendant owes interest through April 15, 2006 in the amount of $239.44 on the unpaid pension contributions set forth in ¶ 6. The interest has been calculated in accordance with

the fluctuating IRS interest rate, as provided at § 10.12(b)(2) of the International Painters and Allied Trades Industry Pension Plan ("Plan") (attached to the Complaint as Exhibit 2 and incorporated herein by reference).

9. § 10.12(b)(3) of the Plan parallels the ERISA statute, 29 U.S.C. § 1132(g)(2), and requires the assessment of liquidated damages against Defendant in an amount equal to the greater of the following: the amount of interest owed on the delinquent principal, or twenty percent (20%) of the delinquent principal. As noted above, the total interest owed through April 15, 2006 is $239.44. Twenty percent (20%) of the currently delinquent principal ($11,101.55) equals $11,101.55. Since the total amount of liquidated damages is greater than the interest amount, Defendant owes a total of $2,220.31 in liquidated damages.

10. § 10.12 of the Pension Fund's rules and regulations parallels the ERISA statute, 29 U.S.C. §1132(g)(2), and allows other legal or equitable relief as the Court deems appropriate. Article VI, § 4 of the Pension Fund's Agreement and Declaration of Trust (attached to the Complaint as Exhibit 1 and incorporated herein by reference) provides for "late charges" in the form of interest on contributions paid more than twenty days after the due date and prior to litigation. Defendant owes $244.11 in late charges for the period February 2005 through June 2005.

11. Despite a continuing contractual obligation to do so, Defendant repeatedly has failed to submit timely remittance reports and pension contributions. The Pension Fund is required to pay pensions to all properly vested employees of contributing employers. Employees of contributing employers continue to accrue pension credits, based on the hours of their employment, regardless of whether their employers make pension contributions on their behalf for these hours, as contractually required. The Pension Fund's obligation to recognize

these pension credits and to pay pensions to vested employees is absolute and continues even if the employers fail to pay their required pension contributions. The refusal of Defendant to contribute as it is bound to means irreparable harm and injury to the Pension Fund --an obligation to make pension payments to employees without the necessary pension contributions from Defendant to cover those benefits. Moreover, whenever Defendant fails to submit remittance reports accurately reflecting the number of hours for which its employees received pay, Defendant prevents the Pension Fund from calculating the proper pension credits due to Defendant's employees. In addition, the Fund also must engage in time consuming and costly efforts to collect the unpaid contributions. These efforts include letters and phone calls to the employer, investigating other sources for collection (i.e. labor and materialmens bonds and mechanics liens) and attempting to calculate delinquency amounts and benefit eligibility through other sources (e.g. paystubs), if available. The actual losses and added costs (in terms of dollar amount, capital and manpower) incurred by the Fund in connection with an employer contribution delinquency are not capable of precise determination, but they are substantial. The Defendant, therefore, should be required to file all past due remittance reports and timely submit current remittance reports and pension contributions in the future.

I declare under penalty of perjury in accordance with 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information and belief.

Date: 4/11/06

_____
THOMAS C. MONTEMORE